# Tavani, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Right angle collision—Contributory negligence—Charge to jury.*

Where in an action to recover damages for injuries to a driver and a horse and wagon, in consequence of a right angle collision between the wagon and a street car, there was evidence that the driver looked immediately before driving across the track and saw no car, and that immediately thereafter he was struck by a car approaching at an excessive speed, and further evidence that the contour of the ground was such that had the driver looked, he must have seen the car, a charge to the jury which briefly reviewed the evidence and stated the law of negligence applicable to the case, was held not open to the objection that it was inadequate, misleading and erroneous, in that it failed to state the issues in the case and judgment on a verdict for defendant was affirmed.

Argued Jan. 6, 1916.  Appeal, No. 272, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1913, No. 2534, on verdict for defendant, in case of Fiore Tavani v. Philadelphia Rapid Transit Company, a Corporation of the State of Pennsylvania.  Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.  Affirmed.

Trespass to recover damages for personal injuries.

RALSTON, J., charged the jury as follows:

Gentlemen of the Jury: You have been trying the cases of the two plaintiffs, Tavani and Tieri, against the Philadelphia Rapid Transit Company.  The plaintiff Tavani claims that he was injured by reason of the negligence of the defendant company in running its car into the wagon which he was driving; the plaintiff Tieri was the owner of the horse and wagon and claims for the damage done to his property.  In order to find verdicts for the plaintiffs, you must find that the company was negligent, and that the plaintiff Tavani who was in charge of the wagon was exercising all the care which was required of him under the circumstances.

The negligence of the company which is alleged is that the motorman of the car gave no warning of its approach, and that the car was being operated at an excessive speed.  The matter of warning would not amount to very much in this case, because the accident happened in broad daylight and anybody could see the car. Whether or not the car was running at an excessive speed is for you to determine.  One of the plaintiffs' witnesses stated, I think, that it was running at the rate of twenty-five miles an hour, and another I think said fifteen miles an hour.  The defendant's witnesses testified that the car was not running rapidly, but, on the contrary, was running very slowly.  Unless you find that the car was running at an excessive speed, or that the defendant was guilty of negligence in some other way, you should render a verdict for the defendant.

A man driving a wagon across the car tracks in the city is bound to look just before he commits himself to the track. When his horse's head gets to the first rail of the track he is bound to look, and if he sees a car approaching which is near to him, so that there is danger of a collision, it is his duty to stop until the car has passed. Did the plaintiff Tavani exercise that care? According to his own testimony, he looked when he was on the nearest track, that is, the southbound track, and he looked as his horse got to the first rail of the northbound track and saw nothing. Now, is that possible, gentlemen? Is it possible that, if he had looked at that time and there was nothing to be seen on the track, he could have been struck by this car almost immediately afterwards? It is argued by counsel that the car was down in a hollow on the other side of Walnut street, but when the surveyor was called to the witness stand, it appeared that there is no hollow there—that Locust street is six feet lower than Walnut and Sansom is four feet and some inches lower than Walnut. It is argued that a man at Sansom street could not see beyond Walnut street because he would be looking up in the air. That would only be so, however, if he were lying on the ground, but if his head were five feet above the grade of the street he could see across Walnut street and see anything on the other side of Walnut, provided it was six feet high. Of course this trolley car was much more than six feet high. According to the surveyor's evidence as to these grades, there was nothing to prevent a man at Sansom street from seeing a car at Locust street. In view of that testimony, you must ask yourselves whether the plaintiff looked for this car. He was bound to look before he committed himself to the track, and if he says he looked and was immediately struck by the car upon driving on the track, of course he must have seen the car which was approaching. If he did not look, or if he did look and did not see a car which was close to him,

and which he ought to have seen, then he himself was negligent and he cannot recover.

If you should find in favor of the plaintiffs, you should render two verdicts. Tavani was the driver of the wagon and he is claiming for personal injuries. He would be entitled to recover for the expenses to which he was put, doctors' bills, medicines and so forth, and also for any wages which he lost by reason of not being able to work after the accident. Those matters have been gone over with you fully by counsel. He would also be entitled to a sum to compensate him for the pain and suffering which have been caused to him by the accident. That would be such a sum as you, in your judgment, deem proper to compensate him for what he has suffered. He described his injuries to you, as did his physicians. From that testimony, you would have to consider the nature and character of the pain, the length of the time it lasted, and how severe it was, and award such a sum as in your judgment you deem proper to compensate him for the suffering which he endured as the result of this accident.

The other plaintiff, Tieri, was the owner of the horse, wagon and harness, and, should your verdict be for the plaintiffs, he would be entitled to compensation for the damage that was done to his property. He has told you what he paid for the ambulance, for the veterinary, for repairing the harness, and for the hire of a horse. Unfortunately, he did not have the man who sold him the wagon, and he was unable to fix the damage to the wagon. But for those items of damage which he has proved he would be entitled to recover, should your verdict be in favor of the plaintiffs.

Now, gentlemen, you must consider the testimony and render your verdict according to the conclusions which you may reach. You must find that the defendant company was negligent, and you must further find that Tavani, the driver of the wagon, was free from negligence, in order to render verdicts for the plaintiffs.

Verdict for defendant and judgment thereon.   Plaintiff appealed.

*Error assigned* was the charge to the jury.

*George Demming,* for appellant.

*David J. Smyth,* for appellee.

PER CURIAM, February 14, 1916:

The issue here was purely one of fact and for the jury, and having been properly submitted, the verdict and judgment will not be disturbed.   The only error assigned is that the charge of the court was inadequate, misleading and erroneous.   We have examined the charge with care and do not agree with the appellant that the objection is well taken.   The charge as a whole adequately and correctly presented the case to the jury, and the verdict is amply supported by the evidence.

Judgment affirmed.